(99 App. Div. 495)

PEOPLE ex rel. McHUGH v. GREENE, Police Com'r.

(Supreme Court, Appellate Division, Second Department.   December 1, 1904.)

1. MUNICIPAL CORPORATIONS—POLICE FORCE—REDUCTION TO PATROLMAN—
POWER OF COMMISSIONER.
      Greater New York Charter, § 288 (Laws 1901, p. 122, c. 466), which provides that roundsmen shall be selected from among patrolmen of the first grade, but roundsmen may be reduced to the grade of patrolmen by the police commissioner after trial on charges, authorizes the police commissioner to reduce a roundsman to patrolman after a trial.

Certiorari by the people, on the relation of James J. McHugh, to review an order of Francis V. Greene, as police commissioner of the city of New York, reducing relator from the rank of roundsman to the grade of patrolman.   Confirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Terence J. McManus, for relator.
James D. Bell (Edward H. Wilson, on the brief), for respondent.

PER CURIAM.   This is certiorari to review the action of the commissioner of police of the city of New York, reducing a roundsman to patrolman after his trial upon charges.   The learned counsel for the relator does not discuss the evidence, beyond characterizing it as very weak and indefinite, but relies upon the legal

proposition that the commissioner was without power to impose such punishment. We think that he clearly had the power, under section 288 of the Greater New York charter (Laws 1901, p. 122, c. 466), which, in part, provides:

"Roundsmen shall be selected from among patrolmen of the first grade, but roundsmen may be reduced to the grade of patrolmen at any time by the police commissioner after due trial upon charges, the determination of which may be reviewed by writ of certiorari."

We also think that the evidence was sufficient to sustain the finding.

The determination should be confirmed, with costs.